UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James David McBroom,                                    Civ. No. 16-740 (PAM/SER)

        Petitioner,

v.                                                                **ORDER**

Minnesota Correctional Facility –
Oak Park Heights,

        Respondent.

_____

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Steven E. Rau dated March 1, 2017. (Docket No. 16.) In the R&R, Magistrate Judge Rau recommends dismissing Petitioner James David McBroom's Petition for a Writ of Habeas Corpus with prejudice. Petitioner filed timely objections to the R&R. (Docket No. 20.)

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

The R&R thoroughly recounts the factual and procedural background of McBroom's dispute with the Minnesota Department of Corrections ("DOC"), and the Court will not repeat those facts here. In brief, McBroom contends that DOC regulations, which allow prison officials to randomly search prisoners' outgoing mail, violate his First

Amendment rights. This Petition arises out of the DOC's imposition of 105 days of extended incarceration as punishment for McBroom's attempted mailing of what the prison deemed threatening communications to members of the media.

The R&R determined that McBroom had failed to establish that the state courts' resolution of his claim was an unreasonable application of federal law or based on an unreasonable determination of the facts. McBroom objects to that conclusion, arguing that the state courts unreasonably determined the facts because those courts did not take into account that McBroom labeled all of his mail "Fiction" and thus he could not have intended to threaten anyone. According to McBroom, his lack of intent means that any punishment for those mailings violates the principles espoused in Elonis v. United States, 135 S. Ct. 2001 (2015).

McBroom misapprehends the relevance of Elonis to his situation. Elonis involved a federal statute criminalizing the mailing of threatening communications. The Supreme Court determined that a jury must find that the defendant intended to communicate a threat, not merely that a reasonable person would have interpreted the communication as a threat. Elonis, 135 S. Ct. at 2011-12.

McBroom was not convicted of a federal crime here. Rather, he was punished for violation of DOC regulations. Thus, the fact that McBroom now claims that he did not intend to threaten anyone is irrelevant. It is similarly irrelevant that McBroom labeled his mail "Fiction." McBroom cannot with a label change the content of his letters, and his characterization of those mailings is not dispositive as to whether those mailings were threatening and thus violated DOC regulations.

As the R&R found, the state courts evaluated McBroom's claims using the correct legal standard and concluded that he had failed to establish that the regulations, and his punishment thereunder, violated his First Amendment rights. Nothing in McBroom's objections establishes that the R&R's determination is incorrect.

Nor has McBroom demonstrated that a Certificate of Appealability is appropriate. The constitutional principles involved here are well-settled and the Minnesota courts applied them correctly. McBroom has not presented a "substantial showing of a denial of [his] constitutional right[s]," 28 U.S.C. § 2253(c)(2), and a COA will not issue.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The R&R (Docket No. 16) is **ADOPTED**;

2. The Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED**;

3. This action is **DISMISSED with prejudice**; and

4. No Certificate of Appealability will issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 10, 2017

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge